Chris Reichman  SBN 250485
PRATO & REICHMAN, APC
3737 Camino del Rio South, Suite 303
San Diego, CA 92108
Telephone: 619-683-7971
Facsimile:  619-241-8309

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAPAN,<br><br>      Plaintiff,<br><br>   vs.<br><br>MILESTONE SYSTEMS, INC., an Oregon corporation,<br>ERIC FULLERTON, an individual<br><br>      Defendants. | Case No.: '13CV1965 L    WVG<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff JONATHAN SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.     Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

- 1 -

Complaint

2.     Defendant MILESTONE SYSTEMS, INCORPORATED is, and at all times herein mentioned was, an Oregon corporation doing business in the County of San Diego, State of California.

3.     Plaintiff is informed and believes and on such information and belief alleges that Defendant ERIC FULLERTON is, and at all times herein mentioned was a resident of the state of Oregon doing business in the County of San Diego, State of California.

4.     Plaintiff is informed and believes and on such information and belief alleges that Defendant ERIC FULLERTON is the owner of Defendant MILESTONE SYSTEMS, INCORPORATED.

5.     This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claims herein arise out of a common nucleus of operative facts and are subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.     At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the

scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

7. Mr. Sapan received calls to his home phone number from Defendants on or about June 15, 2011 at 2:23 PM, June 19, 2011 at 3:05 PM, July 11, 2011 at 4:45 PM, and November 28, 2011 at 3:36 PM.

8. The Caller ID for each of the calls above listed the calling number as 503-350-1167 and it falsely listed the calling name as "Beaverton OR" rather than using any of Defendants' names.

9. The call made on November 28, 2011 transmitted a prerecorded message to Mr. Sapan's voicemail.

10. The recording attempted to sell Defendants' surveillance technology services.

11. Plaintiff is informed and believes and on such information and belief alleges that the prior three calls made on June 15, 2011 at 2:23 PM, June 19, 2011 at 3:05 PM, July 11, 2011 at 4:45 PM tried to transmit the same prerecorded message and it was simply not recorded by Mr. Sapan's voicemail.

Complaint

12. On or about March 13, 2013 at 2:43 P.M., Mr. Sapan received another call to his home phone number from Defendants.

13. The Caller ID for this call listed the calling number as 503-350-1100 and it somewhat accurately listed the calling name as "MILESTONE SYSTE".

14. This was a live call attempting to present a solicitation to "One Integration", whomever that may be.

15. Mr. Sapan's home phone number has been listed on the National Do Not Call Registry maintained by the Federal Trade Commission since January 18, 2011.

16. Mr. Sapan's home phone line was tied up and rendered unusable during all of Defendants' calls.

### **FIRST CAUSE OF ACTION**
[Violation of Telephone Consumer Protection Act of 1991]

17. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

18. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

- 4 -

Complaint

19. Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

20. Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

21. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants'

violations were willful or knowing, it may, in its discretion, award up to three times that amount.

**SECOND CAUSE OF ACTION**
[Violation of Telephone Consumer Protection Act of 1991]

22. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

23. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

24. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

25. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

26. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28

U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (2) (i-iii).

27. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

### THIRD CAUSE OF ACTION
[Violation(s) of California Civil Code § 1770 (a) (22) (A)]

28. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

29. California Civil Code § 1770 (a) (22) (A) requires that all recorded messages

disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording. Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

30.  As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

31.  Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

32.  Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

33.  Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

**FOURTH CAUSE OF ACTION**
[Trespass to Chattel]

34.  Plaintiff realleges all paragraphs above and incorporates them herein by reference.

Complaint

35. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

36. At no time did Plaintiff consent to this trespass.

37. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof.

38. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## FIFTH CAUSE OF ACTION
[Engaging in Unfair Business Practices]

39. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

40. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

41. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

Complaint

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. §227;
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For an award of $500.00 for each violation of 47 U.S.C. §227;
4. For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

5. For compensatory damages according to proof;
6. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);
7. For punitive damages;
8. For attorneys fees;

/ / /

/ / /

On the FOURTH CAUSE OF ACTION:

9. For compensatory damages according to proof;

10. For punitive damages;

On the FIFTH CAUSE OF ACTION:

11. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

12. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

13. For costs of suit herein incurred; and

14. For such further relief as the Court deems proper.

DATED: 8/22/13                                **PRATO & REICHMAN, APC**

                                                    __/s/ Christopher J. Reichman_____
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
JONATHAN SAPAN